GULOTTA, Judge
(concurring).
I concur with the result.
I am of the opinion that it is clearly established in the record that Mrs. Levy was to be provided a bedpan or proper hygienic facilities. The substitution (diapers) was not a reasonable performance of the original agreement. Accordingly, there was a breach by defendant TWA. However, in this case, upon being informed (by TWA) well in advance of departure that no such facility (a bedpan) was available, plaintiff acquiesced in the breach by her election to continue on that flight. She, in effect, relieved TWA of its obligation by accepting the accommodations offered. She is now estopped from complaining of damages as a result of this acquiescence.[1]
I respectfully concur.

. McCord v. West Feliciana RR Co., 3 La. Ann. 285 (1848); 17 Am.Jur.2d, Contracts § 390, p. 835; Davis v. Laster, 242 La. 735, 138 So.2d 558 (1962).